# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FRANKLIN TIMMRECK, Inmate No. 1212952, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | : : | CIVIL ACTION NO. 1:08-CV-515-TCB |
| v. | : : | |
| GWINNETT COUNTY JAIL; et al., | : : : | |
| Defendants. | : | |

## ORDER

Plaintiff Christopher Franklin Timmreck, an inmate at Hays State Prison in Trion, Georgia, has submitted the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

I.  The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

2

II. Plaintiff's Claims

Plaintiff alleges that on April 14, 2005, while he was confined at the Gwinnett County Jail, he was assaulted by at least seven unidentified officers. Plaintiff further complains that immediately thereafter he was taken to a small room and strapped in a restraining chair where he was left for a period of three days, and was provided with only two meals and no opportunity to use the bathroom. According to Plaintiff, on the second day of being strapped to the chair, a female officer entered the room and fired her Taser gun into Plaintiff's chest for no apparent reason. After three days in the restraining chair, Plaintiff was placed in isolation for forty-five days for alleged unjustified reasons. During that time, Plaintiff was denied numerous requests to contact his attorney and have access to law materials. After forty-five days in isolation, Plaintiff was placed back into the general population where he remained until he was transferred to the state prison system on April 16, 2006.

III. Analysis of Plaintiff's Claims

    A. Plaintiff's Claims Fall Outside the Applicable Statute of Limitations.

Plaintiff's claims are barred by the statute of limitations. Federal courts apply their forum state's statute of limitations for actions brought pursuant to

3

§ 1983. See Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). The Georgia two-year statute of limitations, therefore, applies to this action. See Reynolds v. Murray, 170 F. App'x 49, 50-51 (11th Cir. 2006); Williams v. City of Atlanta, 794 F.2d 624 (11th Cir. 1986). Furthermore, in the context of an in forma pauperis frivolity determination pursuant to 28 U.S.C. § 1915, "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." McKenzie v. United States Dep't of Justice, Drug Enforcement Agency, 143 F. App'x 165, 167-68 (11th Cir. 2005) (citations omitted). The Court is authorized to dismiss a prisoner's complaint as time-barred prior to service if it appears "beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Id. at 168 (citations omitted).

Plaintiff's claims accrued between April 14, 2005, and April 17, 2005, when he was allegedly assaulted, placed in the restraining chair, and placed in isolation. Plaintiff, however, filed the instant complaint on February 14, 2008, nearly three years later and almost a year after the limitations period expired. Accordingly,

4

Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the applicable statute of limitations and are subject to dismissal.

B. <u>Equitable Tolling is not Warranted.</u>

To the extent that this Court could construe Plaintiff's claims that he was deprived of legal materials and afraid of retaliation by officers at the Gwinnett County Jail as a request for equitable tolling, equitable tolling is appropriate where a litigant can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Cabello v. Fernandez-Larios, 402 F.3d 1148, 1155 (11th Cir. 2005) (stating that equitable tolling is warranted where "extraordinary circumstances" such as those that are "both beyond his control and unavoidable even with diligence"); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is a fact-specific determination because the "extraordinary circumstances necessary for equitable tolling is reserved for extraordinary facts." Cabello, 402 F.3d at 1154-55.

Plaintiff apparently claims that the deprivation of access to legal materials and his fear of retaliation prevented him from filing the instant complaint while he was confined at the Gwinnett County Jail. Plaintiff, however, was transferred

5

from the Gwinnett County Jail on April 16, 2006, with nearly one year remaining in the limitations period. Plaintiff, however, waited until nearly two years later to file the instant complaint. This Court finds, therefore, that Plaintiff's claim of deprivation of legal materials and fear of retaliation does not constitute such extraordinary circumstances "both beyond [Plaintiff's] control and unavoidable even with diligence" that would have prevented him from filing a complaint and would serve as a basis for equitably tolling the two-year statute of limitations. Compare Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (holding plaintiff's lack of access to legal papers and law library while confined at the county jail did not constitute extraordinary circumstances to warrant equitable tolling of limitation period to file habeas petition because he failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding), petition for cert. filed, No. 08-5288 (U.S. June 19, 2008); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (denying equitable tolling of limitation period to file habeas petition based on lack of diligence where plaintiff had been denied access to legal materials for six months but regained access to legal materials six months prior to the expiration of the limitations period); Hizbullahankhamon v. Walker, 255 F.3d 65, 76 (2d Cir. 2001) (holding twenty-

6

two day deprivation of access to legal materials did not constitute an extraordinary circumstance warranting equitable tolling of the limitation period to file a habeas petition because the petitioner could have filed within the limitation period at any other time); see also Carter v. West Pub. Co., 225 F.3d 1258, 1266 (11th Cir. 2000) ("Plaintiffs' purported fear of retaliation, however, is not a ground for equitable tolling.").

IV. Conclusion

In light of the foregoing analysis, this action is hereby **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915A.

IT IS SO ORDERED this 11th day of December, 2008.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)